UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RANDY MCDOWELL,                     :
                                    :
        Plaintiff,                  :   Civ. No. 14-7875 (NLH)
                                    :
    v.                              :   OPINION
                                    :
BUENA VISTA STATE POLICE            :
    DEPARTMENT,                     :
                                    :
        Defendant.                  :
_____:

APPEARANCES:
Randy McDowell, #228908
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330
     Plaintiff pro se


HILLMAN, District Judge

    Plaintiff Randy McDowell, a prisoner confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

    Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma

pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to file the Complaint.[1]

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  Because Plaintiff's submission is devoid of factual allegations, the Complaint will be dismissed for failure to state a claim upon which relief will be granted.  However, Plaintiff shall be given leave to file an amended complaint.

---

[1] The Court notes that a complete in forma pauperis application pursuant to 28 U.S.C. § 1915(a)(2) requires submission of an institutional trust account for the six-month period immediately preceding the filing of the Complaint.  Although the account statements provided by Plaintiff in this case span only a three-month period (from September 11, 2014 to December 9, 2014), it appears that Plaintiff's incarceration began less than six months ago and that he has supplied all the records available to him.  Accordingly, because the institutional trust account is complete and certified by a prison official, it is deemed sufficient and Plaintiff's in forma pauperis application will be granted.

I.   BACKGROUND

Plaintiff provides little factual information in his Complaint.  It is unclear why Plaintiff is incarcerated or the duration of his incarceration.  Additionally, he does not explain the charges against him or the status of those charges.  In the Complaint, Plaintiff simply alleges that he was wrongfully accused of involvement in an unspecified criminal case and he complains that his name was released to the press.  No dates are provided.

Although Plaintiff captions his case as against the Buena Vista State Police Department, in the body of his Complaint Plaintiff names as defendants: (1) Detective George of the Buena Vista Police Department; (2) Tone Cruz, who Plaintiff states is a manager at Vineland storage; and (3) Ms. Tylore.  Plaintiff requests relief in the form of having his name cleared in the news and monetary damages in an unspecified amount for pain and suffering.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the

defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

IV.   ANALYSIS

Even construing Plaintiff's pro se submission liberally, there are no factual allegations present in the Complaint which could form the basis of a cause of action under § 1983.  As noted above, basic information is absent from the Complaint, including: the underlying criminal case of which Plaintiff alleges he was wrongfully accused, the charges against Plaintiff and the status of those charges; the purpose and duration of Plaintiff's incarceration; the constitutional right which Plaintiff alleges was violated; and the date(s) on which this alleged violation occurred.

Additionally, insufficient information is provided regarding the named defendants.  As stated above, claims for relief under § 1983 are properly asserted against those acting under color of state law. See West, 487 U.S. 42, 108 S.Ct. 2250. Plaintiff states that the second named defendant, Tone Cruz, is a manager at Vineland Storage; and, aside from a name, Plaintiff provides no information as to the third defendant, Ms. Tylore. Plaintiff fails to allege either any identifying characteristics or any facts suggesting that they violated his constitutional rights.  It is therefore unclear how these defendants are involved in this matter and how they constitute state actors for purposes of a cause of action under § 1983.  Accordingly, any claims against them will be dismissed.

As to Defendant Detective George, Plaintiff's Complaint indicates that he is an officer of the Buena Vista Police Department and, thus, he could be a proper subject of a § 1983 complaint.  However, Plaintiff does not provide sufficient information in his Complaint to state a cause of action against him.  With respect to Detective George, Plaintiff states that he did not conduct a full investigation, that he "he did not follow the law" while he was investigating, and that he released Plaintiff's name to the press. (Compl. 4, ECF No. 1).  These are simply conclusory statements and Plaintiff does not allege any factual allegations regarding Detective George's conduct so as

to state a cause of action against him under § 1983. See Iqbal, 556 U.S. at 678.  Therefore, any claims against Detective George will be dismissed.

To the extent Plaintiff intended to sue the Buena Vista State Police Department, the Court notes that a State or an arm of the state is not a "person" within the meaning of section 1983, and therefore Plaintiff's claims against the State Police Department must be dismissed. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (A State or an arm of the state is not a "person" within the meaning of section 1983).

When Will was decided, it was settled law that a State cannot be sued under section 1983. Id. at 65 (citing Welch v. Texas Dept. of Highways and Public Transportation, 483 U.S. 468, 472–473, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987)).  The Will court reinforced this doctrine and further decided that the Michigan State Police, as an arm of the state, could not be sued under section 1983. Id. at 71 ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); see also Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) ("Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not

subject to suit under § 1983 in either federal court or state court.").

Plaintiff repeatedly clarifies that the police department to which he refers is a state police department and, significantly, the caption of his Complaint labels it as such. (Compl. 1, 3, 6, 7, 8, ECF No. 1).  Accordingly, the Buena Vista State Police Department is an arm of the state and may not be sued under § 1983. Id.; see also Morris v. United States, No. 12-2926, 2014 WL 1272104, at *3-4 (D.N.J. Mar. 27, 2014) (dismissing a section 1983 claim against New Jersey and the New Jersey State Police because, pursuant to Will, the state and arms of the state may not be sued under § 1983); Smith v. New Jersey, 908 F.Supp.2d 560, 563 (D.N.J. 2012).  The Court will therefore dismiss all claims against the Buena Vista State Police Department as barred because the State is not a person under section 1983.

V.   CONCLUSION

For the reasons set forth above, all claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim under § 1983, the Court will grant Plaintiff leave to file

an application to re-open accompanied by a proposed amended complaint.[2] See Denton, 504 U.S. 25; Grayson, 293 F.3d 103.

An appropriate Order follows.

                                                    ____s/ Noel L. Hillman____
                                                    NOEL L. HILLMAN
                                                    United States District Judge

Dated: June 11, 2015
At Camden, New Jersey

---

[2] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.